IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-00257-WYD-CBS

BETTY J. BARKMAN; and
GERALD E. HEAL,

      Plaintiffs,

v.

BRIAN WILSON, in his individual capacity acting under the color of law as Road and
Bridge Engineer/Supervisor for Montrose County, Colorado;
BOARD OF MONTROSE COUNTY COMMISSIONERS, Montrose Colorado in their
official capacity;
KATHLEEN OZGA, in her individual capacity acting under color of law as Northern
Division Lands and Recreation Group Chief, Upper Colorado Region, Western Colorado
Area, Bureau of Reclamation, United States Department of the Interior; and
CAROL DeANGELIS, in her individual capacity acting under color of law as Area
Manager, Upper Colorado Region, Western Colorado Area, Bureau of Reclamation,
United States Department of the Interior,

      Defendants.

---

## ORDER

---

I.    <u>INTRODUCTION AND BACKGROUND</u>

    THIS MATTER is before the Court on the Motion for Summary Judgement filed

August 5, 2011 [ECF No. 36] by Defendants Board of Montrose County Commissioners

and Brian Wilson.

    This case involves a dispute over the ownership of land on and adjacent to an

irrigation ditch road that runs along the  the western edge of certain real property owned

by Plaintiffs Betty Barkman and Gerald Heal in Montrose County, Colorado.  Plaintiffs,

who are representing themselves *pro se*, bring claims against Defendants Kathleen

Ozga and Carol DeAngelis, both of whom are employed by the United States

Department of the Interior (the "Federal Defendants"), and Brian Wilson, an employee of

Montrose County Colorado, and the Montrose County Board of County Commissioners

(the "County Defendants"), for (1) a taking of private property without just compensation;

(2) violation of their right to due process; (3) violation of their right to equal protection;

(4) conspiracy to deprive them of their constitutional rights; and (5) failure to prevent the

deprivation of their Constitutional Rights.[1]  Complaint at ¶¶ 1-4.

According to the allegations in the Complaint, Plaintiffs are the owners of a 2.96

acre tract of property in Montrose County, Colorado (the "Property").  Plaintiffs allege

that they intended to build their future retirement home on the Property.  In the Spring of

2005, prior to purchasing the Property, Plaintiffs investigated ownership of what they

describe as an "un-maintained, single-lane, dirt irrigation 'ditch' road" on the western

edge of the Property.  Plaintiffs allege that they spoke with Brian Wilson, the Montrose

County Road and Bridge Supervisor, who informed them that Montrose County was not

claiming ownership of the road "at this time."  Complaint at ¶ 24.

Plaintiffs purchased the Property on June 2, 2005.  On October 22, 2005,

Plaintiffs applied for a County driveway permit located where the ditch road intersected

a paved county road.  In response, the Montrose County Land Use Director informed

Plaintiffs that the Property was illegally subdivided and no permits for development on

_____

[1]I granted the Federal Defendants motion to dismiss the claims against them in a separate order.

the Property could be issued until a remedy had been approved by the County Commissioners.  Thereafter, Plaintiffs, Montrose County officials and the Department of the Interior, Bureau of Reclamation, were involved in a lengthy dispute regarding ownership of all or part of the ditch road and adjacent canal.  The Federal Defendants maintained that they owned the ditch road and its associated facilities in fee simple, and that Plaintiffs would need a lease and rental payments to use the ditch road on the Property as a driveway.  At the same time, the County Defendants asserted that the ditch road was a county road and installed a road sign marking it as Shavano Valley Road.

In connection with the motion for summary judgment, Defendants contend that prior to the time Plaintiffs purchased the Property, County personnel showed Plaintiffs maps which identified a road known as Shavano Valley Road crossing the Property as a county road.  According the Montrose County Standards and Specifications for Roads and Bridges, adopted by Montrose County on April 17, 2005, Shavano Valley Road is a public, local road.  Plaintiffs deny that they had knowledge of the County's claims regarding the disputed ditch road prior to their purchase of the Property.  However, they admit that on May 4, 2006, County personnel installed a "Shavano Valley Road" street sign at the intersection of Jasmine Road and the ditch road, and informed Plaintiffs that "[i]t has been determined by the Montrose County Engineering Department that Shavano Valley Road is a historic road and has public access."  It is undisputed that throughout 2008, the County Defendants continued to assert that the Shavano Valley Road was a historic county road, and that they had a valid easement across Plaintiffs'

Property.

Plaintiffs maintain that Defendant Wilson's decision to install the Shavano Valley Road sign and "invite the public to trespass on private property under easement to the federal government initiated the taking of private property without due process or just compensation." Complaint at ¶ 237. In addition, Plaintiffs assert that the Montrose Board of County Commissioners failed to prevent the "illegal actions" of the Montrose County department supervisors and staff and joined in a conspiracy to deprive Plaintiffs of their property. Complaint at ¶¶ 245-47.

Plaintiffs claims against the County Defendants are based on 42 U.S.C. §§ 1983, 1985, 1986, and 18 U.S.C. §§ 241 and 242. Complaint at ¶ 6. Plaintiffs seek compensatory and punitive damages, and injunctive and declaratory relief to "restore the uncontested status quo and bar ongoing and systematic continuing violation of their constitutional rights." Complaint at ¶ 274.

II.     ANALYSIS

A.     Plaintiff's Motion for Summary Judgment

1.     Standard of Review

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The burden of showing that no genuine issue of material fact exists is borne by the moving party. *E.E.O.C. v. Horizon/ MS Healthcare Corp.*, 220 F.3d 1184, 1190

(10th Cir. 2000). Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead bring forward "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Fed. R. Civ. P. 56(e) requires that a nonmoving party's evidence be "identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992).

In reviewing a summary judgment motion, the court must view the evidence in the light most favorable to the nonmoving party. *Anaya v. Crossroads Managed Care Systems, Inc.*, 195 F.3d 584, 590 (10th Cir. 1999). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

Because Plaintiffs are proceeding *pro se*, "[their] pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff[s] could prevail, it should do so despite [their] failure to cite proper legal authority, [their] confusion of various legal theories . . . or [their] unfamiliarity with pleading requirements." *Id.* At the same time, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

B.     Analysis

1.     Claims for Violation of 42 U.S.C. §§ 1985, 1986 and 18 U.S.C. §§ 241 and 242, and the Federal Criminal Code

As an initial matter, to the extent Plaintiffs are attempting to bring claims against the County Defendants based on 42 U.S.C. §§ 1985, 1986 and 18 U.S.C. §§ 241 and 242, those claims will be dismissed as a matter of law.

The necessary elements of a § 1985(3) claim are: "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson,* 6 F.3d 683, 686 (10th Cir.1993).  Section 1985(3) only applies to "conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'"  *Hall v. Wilson,* No. 10–cv–01460, 2010 WL 3310357, at *2 (D.Colo. Aug. 18, 2010) (quoting *Grifin v. Breckenridge,* 403 U.S. 88, 102 (1971)).  The "otherwise class-based" language of this requirement has been "narrowly construed" and does not, for example, reach conspiracies motivated by an economic or commercial bias.  *Tilton,* 6 F.3d at 686.  Here, the Complaint is devoid of any allegations of racial or class-based discriminatory animus and, therefore, Plaintiffs have failed to state a claim for relief under section 1985.

In addition, section 1986 provides:

> that "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in *section 1985 of this title*, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses to do so . . . shall be liable to the party injured.  42 U.S.C. § 1986.

-6-

Because the Complaint does not allege a violation of section 1985, it also fails to state a claim based on a failure to prevent a violation of that section.

Plaintiffs claims based on violation of the federal Criminal Code must be also be dismissed.  Private citizens cannot prosecute criminal actions.  *Mamer v. Collie Club of America, Inc.*, 229 F.3d 1164 (10th Cir. 2000); *see also Higgins v. Neal*, 52 F.3d 337, 1995 WL 216920 at *1 (10th Cir. Apr. 12, 1995) ("[b]ecause allowing private citizens to initiate prosecutions would undermine prosecutorial discretion and the authority of federal prosecutors, we conclude [the defendant] lacks standing to maintain this criminal action.").  None of the criminal statutes cited by Plaintiffs provides a basis for civil liability or create a private right of action.  *See Clements v. Miller*, 2005 WL 2085497 at *3-4 (D. Colo. 2005) (unpublished) (discussion the lack of a private right of action under 18 U.S.C. §§ 241, 242, and 1001) *see also Newcomb v. Ingle*, 827 F.2d 675, 677 n.1 (10th Cir. 1987).  Therefore, Plaintiffs claims brought pursuant to 18 U.S.C. §§ 241 and 242 will be dismissed.

        2.    <u>Claim for Violation of Due Process, Equal Protection, and Taking Without Just Compensation under 42 U.S.C. § 1983</u>

I now turn to Plaintiffs' claims for violation of their constitutional rights to due process, equal protection, the right to be free of any taking without just compensation, and conspiracy to deprive them of the constitutional rights pursuant to 42 U.S.C. § 1983.  Section 1983 allows federal courts to grant relief for deprivations of "any rights, privileges, or immunities secured by the Constitution and laws" by any "person" acting "under color" of state law.  42 U.S.C. § 1983.

The County Defendants assert that the applicable statute of limitations bars Plaintiffs' section 1983 claims and I agree.  Statute of limitations periods in section 1983 suits are determined by reference to the personal-injury statute of the state in which the federal district court sits.  *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008).  Federal law, however, determines the date on which the claim accrues and the limitations period starts to run.  *Id.*  In Colorado, the general statute of limitations for personal injury claims provides that such a claim must be brought within two years after the action accrues.  *See* C.R.S. § 13-80-102.  "A civil rights action accrues when facts that would support a cause of action are or should be apparent."  *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995).  Here, Plaintiffs filed their Complaint in February 1, 2011.  Therefore, if the conduct that forms the basis for their section 1983 claims accrued prior to February 1, 2009, then those claims must be dismissed unless Plaintiffs can demonstrate that the applicable limitations period was sufficiently tolled.

In the motion for summary judgment, Defendants contend that Plaintiffs' claims arise from the "installation of a Montrose county road sign," that occurred in the Spring of 2006.  Plaintiffs assert that disputed issues of fact exist regarding ownership of the ditch road, and that the County Defendants have continued to change their position regarding the basis for ownership claim and their entitlement to install the Shavano Valley Road sign.  While factual disputes do indeed exist regarding ownership of the ditch road, it is nevertheless clear from the record before me that all of the alleged misconduct that forms the basis for Plaintiffs' due process, equal protection and takings claims against the County Defendants accrued prior to February 1, 2009.  At the very

latest, Plaintiffs were aware of the misconduct that forms the basis for these claims in the Spring of 2008.  Plaintiffs have stated that in March and April, 2008, Defendant Wilson showed Plaintiffs a map claiming to demonstrate that the Shavano Valley Road is on Plaintiffs' Property, and informed them that he would require a dedication of the road to resolve Plaintiffs' dispute with the county regarding the "illegal" subdivision of their Property.

In their response to the motion for summary judgment, Plaintiffs focus almost exclusively on their conspiracy claim.  While it is not entirely clear, Plaintiffs appear to assert a conspiracy between the Federal Defendants and the County Defendants, and a separate conspiracy among the County Defendants.  Plaintiffs correctly note that the limitations period for a section 1985(3) conspiracy claim "runs from the occurrence of the last over act resulting in damage to the plaintiff." *Rocha v. Zavaras*, 2011 WL 1154636, at *3 (D. Colo., Mar. 29, 2011).  However, as discussed above, Plaintiffs have failed to state a claim for a section 1985(3) conspiracy because they do not allege racial or class-based discriminatory animus.

To the extent Plaintiffs' conspiracy claim is based on section 1983[2], the Tenth Circuit has recognized that "an allegation of a conspiracy constitutes a viable claim under § 1983 even if the alleged conspiracy began at a point that would be barred by the statute of limitations." *Hunt v. Bennett*, 17 F.3d 1262, 1266.  "[W]hat matters for

---

[2]A section 1983 conspiracy claim requires a plaintiff to demonstrate the alleged conspirators had a meeting of the minds and engaged in concerted action to violate the plaintiff's constitutional rights. *Gallegos v. City & County of Denver*, 984 F.2d 358, 364 (10th Cir. 1993).

statute of limitations purposes is the date on which the conspiracy claim accrued, not the date that the defendants allegedly commenced their conspiracy." *Id.*  However, at least one act must occur within the statutory filing period, and Plaintiffs cannot rely on a conspiracy allegation "to challenge discrete actions that occurred outside the limitations period even though the impact of the acts continues to be felt."  *McCormick v. Farrar*, 147 Fed. Appx. 716, 720 (10th Cir., Aug. 30, 2005) (citing *Bergman v. United States*, 751 F.2d 314, 317 (10th Cir. 1984) ("A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from the original violation." (citation and quotation omitted)).

      As set forth in my order dismissing Plaintiffs' claims against the Federal Defendants, it is clear that Plaintiffs' conspiracy claim as between the Federal Defendants and the County Defendants accrued in September, 2008.  Similarly, Plaintiffs have failed to point to any unlawful acts by the County Defendants that occurred after February 1, 2009.  Even construing the disputed facts in the light most favorable to Plaintiffs, it is clear that Plaintiffs were aware of any conspiracy between Defendant Wilson and other Montrose County Officials well before February, 2009. Plaintiffs have failed to articulate any conspiratorial activities among the County Defendants that occurred after February, 2009.  Indeed, the 6-page "conspiracy timeline" submitted by Plaintiffs in connection with their response to the motion for summary judgment, references only two "events" that occurred after February 1, 2009. These events describe Plaintiffs' communication with the Montrose County Attorney on February 5, 2009, regarding the County's position on Shavano Valley Road in relation to

Plaintiffs' Property, and Plaintiffs' request to Montrose County officials to remove the Shavano Valley Road sign on August 14, 2009.  At best, these allegations are a description of the impact of the wrongful acts that allegedly occurred in 2006 and 2007, and May 2008.

In addition, for the reasons set forth in my order dismissing Plaintiffs' claims against the Federal Defendants, Plaintiffs are not entitled to equitable tolling.  Plaintiffs have not alleged conduct on the part of the County Defendants that impeded their ability to file their claims.  Plaintiffs were aware well before February, 2009, that the United States and Montrose County were each claiming an interest in a portion of their Property, and that those claims were in conflict with one another.  Plaintiffs have not articulated any theory under which the wrongful acts that form the basis for their claims could have accrued after February 1, 2009.

I find that all of Plaintiffs' remaining claims against the County Defendants' accrued more than two years prior to the date Plaintiffs filed their Complaint on February 1, 2011.  Because Plaintiffs have not demonstrated that the applicable statute of limitations was tolled, their claims are time-barred and must be dismissed.

III.   CONCLUSION

For the reasons set forth above, it is hereby

ORDERED that Motion for Summary Judgement filed August 5, 2011 [ECF No. 36] by Defendants Board of Montrose County Commissioners and Brian Wilson is **GRANTED** and the claims and causes of action asserted against them are **DISMISSED**.

Dated:  March 30, 2012

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U. S. District Judge