IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-00257-WYD-CBS

BETTY J. BARKMAN; and
GERALD E. HEAL,

    Plaintiffs,

v.

BRIAN WILSON, in his individual capacity acting under the color of law as Road and Bridge Engineer/Supervisor for Montrose County, Colorado;
BOARD OF MONTROSE COUNTY COMMISSIONERS, Montrose Colorado in their official capacity;
KATHLEEN OZGA, in her individual capacity acting under color of law as Northern Division Lands and Recreation Group Chief, Upper Colorado Region, Western Colorado Area, Bureau of Reclamation, United States Department of the Interior; and
CAROL DeANGELIS, in her individual capacity acting under color of law as Area Manager, Upper Colorado Region, Western Colorado Area, Bureau of Reclamation, United States Department of the Interior,

    Defendants.

## ORDER

THIS MATTER is before the Court on Plaintiffs' Motions for Altering or Amending Judgment Pursuant to F.R.C.P. Rule 59(e) and Motions for Relief From a Judgment or Order Pursuant to F.R.C.P. Rule 60(b)(3), filed April 13, 2012 [ECF Nos. 67 & 68]. Therein, Plaintiffs take issue with my Orders granting the Motion to Dismiss by Defendants Kathleen Ozga and Carol DeAngelis, and the Motion for Summary Judgment by Defendants Brian Wilson and Board of Montrose County Commissioners. Final Judgment in favor of Defendants entered on March 30, 2012.

-1-

Fed. R. Civ. P. 59(e) states that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment. Rule 60(b)(3) provides that a party may seek relief from a judgment or order based on fraud.

In the instant motions, Plaintiffs state that attorneys for the Defendants made false statements and misrepresentations about the nature of Plaintiffs' claims in connection with the briefing on Defendants' Motion to Dismiss and the Motion for Summary Judgment. Specifically, Plaintiffs contend that this case is not a "land dispute" but that their claims are based on allegations of fraud committed by Defendants in a conspiracy to take the Plaintiffs' property without due process and just compensation. The Court is aware that Plaintiffs are not attempting to bring a quiet title action. In ruling on the Federal Defendants' Motion to Dismiss, the Court relied exclusively on the allegations set forth in the Complaint and construed them in the light most favorable to Plaintiffs. Plaintiffs' claims against the Federal Defendants for violation of their constitutional rights were dismissed because there is simply no remedy for these claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and because it is clear from the allegations in Plaintiffs' Complaint that *all* of the conduct that forms the basis for Plaintiffs' claims occurred outside the applicable two-year statute of limitations. Similarly, Plaintiffs' claims against the County Defendants were dismissed because the conduct that forms the basis for those claims occurred outside the applicable two-year statute of limitations.

Contrary to Plaintiffs' assertions, there was no fraud on the Court and the Court has not misconstrued the nature of Plaintiffs' allegations. Rather it is Plaintiffs who have

misconstrued the law concerning when their claims accrued.  Plaintiffs are simply incorrect when they assert that the continuing violation doctrine applies in this case, or that each "new contact" with the Defendants is a new instance of fraud in furtherance of Plaintiffs' alleged conspiracy.  Further, I find no reason to reconsider my determination that the Plaintiffs are not entitled to equitable tolling of the statute of limitations.

In conclusion, I find no basis to reconsider my prior rulings or to alter or amend judgment in this case.  Accordingly, it is hereby

ORDERED that Plaintiffs' Motions for Altering or Amending Judgment Pursuant to F.R.C.P. Rule 59(e) and Motion for Relief From a Judgment or Order Pursuant to F.R.C.P. Rule 60(b)(3), filed April 13, 2012 [ECF Nos. 67 & 68] are **DENIED**.

Dated:  May 4, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U. S. District Judge